IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JOSEPH COSSEY,                                                                       PLAINTIFF
ADC #659593

v.                                    1:17CV00115-KGB-JTK

MARK COUNTS, et al.                                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing before the District Judge (if such a Hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The detail of any testimony desired to be introduced at the hearing before the

1

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.    Introduction

Plaintiff Joseph Cossey filed this pro se 42 U.S.C. § 1983 action while incarcerated as an inmate at the Sharp County Detention Center (Jail) (Doc. No. 2). By Order dated November 29, 2017, this Court granted Plaintiff's Motion to Proceed in forma pauperis in this lawsuit, but directed Plaintiff to amend the complaint within thirty days, noting that his allegations failed to comply with FED.R.CIV.P. 8. (Doc. No. 4) On December 13, 2017, the copy of the Order mailed to Plaintiff was returned to the Court as undeliverable (Doc. No. 6). As of this date, Plaintiff has not filed an Amended Complaint or otherwise corresponded with the Court

Having reviewed Plaintiff's Complaint, the Court finds it should be dismissed, for failure to prosecute.

### II.    Screening

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.   28 U.S.C. §

1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim.  See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Additionally, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly, 550 U.S. at 570.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  Twombly, 550 U.S. at 556-7.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops

3

short of the line between possibility and plausibility of entitlement to relief." Id.

### III.   Facts and Analysis

In order to support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived him of some Constitutional right. Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993). In addition, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (2009), citing Twombly, 550 U.S. at 570. Plaintiff alleged in his Complaint that he was locked down for twenty-five days and was refused the right to sign extradition papers for fourteen days. (Doc. No. 2, p. 4) He also claims that Defendant Walls pushed him and grabbed him by the arm and that he was denied medical requests to see a bone specialist. (Id.) Finally, he complained about several improper conditions of confinement, such as a leaky toilet, lack of razor and toothpaste, and telephone privileges. (Id., p. 5) In the Court's November 29, 2017 Order, Plaintiff was instructed to file a short Amended Complaint which set forth one claim, and to include details such as the name of each individual involved in the actions, how Plaintiff's constitutional rights were violated and how he was harmed. (Doc. No. 4, p. 4) However, the copy of the Order was returned to the Court as undeliverable on December 13, 2017 (Doc. No. 6).

In light of Plaintiff's failure to comply with the Court's Order to submit an Amended Complaint stating a claim to relief that is plausible on its face, together with the fact that he no longer is incarcerated at the Jail and has not notified the Court of his new address, the Court finds Plaintiff's complaint should be dismissed without prejudice, for failure to prosecute.

### IV.   Conclusion

IT IS, THEREFORE, RECOMMENDED that Plaintiff's Complaint against Defendants be DISMISSED without prejudice, for failure to prosecute.

IT IS SO RECOMMENDED this 3rd day of January, 2018.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE